UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN NORMAN and JOSHUA CROMLING, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. CIV-24-1132-R |
| STATE FARM FIRE AND CASUALTY COMPANY and BENJIE WECHSLER INSURANCE AGENCY, INC., ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 7] and Defendant's Motion for Jurisdictional Discovery [Doc. No. 9]. Both motions are fully briefed [Doc. Nos. 8, 10, 12, 13] and at issue.[1]

## PROCEDURAL BACKGROUND

This action arises out of State Farm's adjustment of an insurance claim for hail damage to Plaintiffs' roof. Plaintiffs initiated this action in the District Court of Oklahoma County asserting claims against State Farm for breach of contract, breach of the duty of good faith and fair dealing, and negligent misrepresentation/constructive fraud. Plaintiffs also asserted claims for negligent procurement and negligent misrepresentation/constructive fraud against the Benjie Weschler Insurance Agency, the

---

[1] State Farm also filed a Motion to Strike [Doc. No. 11] seeking to strike Plaintiffs' reference in its reply brief to certain settlement discussions. The motion is denied as moot, as the Court has disregarded the settlements and settlement discussions in reaching its conclusions.

local agency that sold Plaintiffs the insurance policy. State Farm removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Although State Farm concedes that Weschler is a non-diverse defendant, it contends that the agency was fraudulently joined and its citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction.

In its Notice of Removal and motion, State Farm asserts two grounds for finding that Weschler is fraudulently joined. First, State Farm argues that Plaintiffs are unable to establish a cause of action against Weschler for negligent procurement or negligent misrepresentation/constructive fraud. Second, State Farm argues that Plaintiffs' Petition contains fraudulent allegations that were manufactured in an effort to avoid removal to federal court. State Farm maintains that the current record before the Court establishes the fraudulent nature of the pleading but also requests, as alternative relief, the opportunity to conduct jurisdictional discovery. Plaintiffs counter that State Farm has fallen woefully short of meeting its burden to show that the allegations do not state a viable claim against the agency or that the allegations are fraudulent.

## STANDARD OF DECISION

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (brackets and quotation omitted).

The first prong – actual fraud in the pleading of jurisdictional facts – "basically requires a showing that plaintiff lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). The second prong requires showing "that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished).

Although removability is typically determined on the face of the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citation omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

## DISCUSSION

### A. Plaintiffs' Allegations

Plaintiffs' claims are premised on what it describes as a systematic and pervasive scheme by State Farm to wrongfully deny wind and hail property damage claims without true justification. *See* Petition [Doc. No. 1-2] ¶ 2. The scheme allegedly starts with State Farm's agents, like the Benji Weschler Insurance Agency, making certain representations to the insured, including that the property meets State Farm's underwriting requirements, the coverage limit is accurate, and the policy covers losses arising from wind or hail. *Id.* ¶ 3. The insured then purchases the policy, suffers a loss from wind or hail, and submits a

claim to State Farm. *Id.* State Farm then denies the claim by utilizing undisclosed definitions (that are not consistent with the agent's prior representations about the scope of coverage) and an array of bad faith claims-handling tactics (such as describing the roof damage as wear and tear even though the agent previously represented the home as in good condition and as meeting all underwriting requirements). *Id.* ¶¶ 3, 25-26, 34.

Plaintiffs claim they were subjected to this scheme. They allege that they contacted Wechsler to obtain a replacement cost homeowner's policy and specifically requested a policy that would fully replace their roof without exclusion of any weather-related conditions. *Id.* ¶¶ 31-34. Wechsler allegedly represented that the coverage would fully replace the roof in the event of storm damage and protect against all storm losses, no matter how big or small. *Id.* ¶ 33-34, 43, 45. Further, Plaintiffs allege that by binding the requested coverage, Wechsler "effectively" represented that it calculated the coverage value accurately in a way that reflects the actual characteristics of the property and meets State Farm's underwriting guidelines. *Id.* ¶¶ 22, 29, 46.

After the policy was procured and issued, Plaintiffs submitted a claim to State Farm for hail damage. *Id.* ¶ 73. State Farm found hail damage to the soft metals on Plaintiffs' property – but not the roof – and issued an estimate that fell below the deductible. *Id.* ¶ 74. Plaintiffs allege that State Farm advised them by phone that the damage to their roof was "normal wear and tear" and, in a letter denying their request for a second inspection, indicated that the roof shingles did not show any "accidental direct physical loss." *Id.* ¶¶ 74, 79.

4

According to Plaintiffs, this partial denial was really a function of State Farm's scheme: State Farm and its agent, through their actions of binding and selling the policy, represented that the home was sufficiently free from defects to qualify for coverage, but then relied on the presence of those very conditions to deny the claim. *Id.* ¶¶ 35-36, 57-62, 74. Further, although the policy purports to cover any accidental direct physical loss, State Farm interpreted the policy as only covering the most extreme forms of hail damage. *Id.* ¶¶ 51-52. What's more, State Farms' agents, including Weschler, are allegedly aware of this narrow definition of hail damage, but conceal it from insureds, including Plaintiffs. *Id.* ¶ 53.

Based on these allegations, Plaintiffs asserts claims against Weschler for negligent procurement and constructive fraud/negligent misrepresentation. The Petition identifies several ways that Weschler allegedly acted negligently, including by failing to confirm whether the property met the underwriting guidelines, knowingly procuring and renewing coverage that deviated substantially from that which was requested and did not accurately reflect the replacement cost value, misrepresenting that the property was in good condition, and misrepresenting that the policy would cover all accidental losses.

### B. Fraudulent Joinder Analysis

#### 1. Inability to Establish a Cause of Action

State Farm contends that Plaintiffs cannot establish a cause of action for negligent procurement or negligent misrepresentation/constructive fraud against Weschler on the

basis of these allegations.[2] State Farm's argument on this point basically boils down to their contention that Plaintiffs' cannot possibly show the required elements of causation or damage because they got the all-risk, replacement cost policy they requested, they had more than enough coverage to fully replace their roof, and State Farm simply denied the claim because there was no hail damage to the roof.

State Farm's arguments have been repeatedly rejected by courts in this district and elsewhere. *See, e.g., Harris v. State Farm Fire & Cas. Co.*, No. CIV-24-149-D, 2024 WL 1957315, at *2 (W.D. Okla. May 3, 2024); *Whitby v. State Farm Fire & Cas. Co.,* No. 23-CV-00073-GKF-MTS, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023); *Champion v. State Farm Fire & Cas. Co.*, No. CIV-22-00922-PRW, 2023 WL 11944492, at *2 (W.D. Okla. Dec. 29, 2023)); *Ervin v. Herb Weaver Ins. Agency, Inc.*, No. CIV-22-935-SLP, 2022 WL 22839581, at *3 (W.D. Okla. Dec. 28, 2022); *McDow v. State Farm Fire & Casualty Co.*, No. CIV-22-927-F, 2022 WL 17960457 (W.D. Okla. Dec. 27, 2022); *Nelson v. State Farm Fire & Casualty Co.*, No. CIV-22-396-D, 2022 WL 17760479 (W.D. Okla. Dec. 19, 2022); *Sang v. Smith*, No. 19-CV-00686-GKF-FHM, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020). Plaintiffs' Petition indicates that they requested specific coverage that was ultimately not provided, Weschler made several representations that do not square with the

---

[2] Regarding the negligent procurement claim, Oklahoma law provides that "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Regarding the negligent misrepresentation/constructive fraud claim, Oklahoma law provides that constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." Okla. Stat. tit. 15, § 59.

ultimate denial of their claim, and they suffered losses as a result. Based on these allegations, and the heavy burden placed on the party asserting fraudulent joinder, State Farm has not shown that Plaintiffs "have no possibility of recovery" on at least one of their claims against Weschler. *See Montano*, 211 F.3d 1278, *4.

### 2. Actual Fraud

State Farm also contends that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. In support of this argument, State Farm primarily relies on what it describes as "an inconceivable number" of cases brought by Plaintiffs' counsel against State Farm and other insurers alleging that dozens of different agents made identical misrepresentations. These "copycat" allegations, State Farm posits, are evidence of fraud. State Farm also relies on three decisions where another judge in this district found that the agent was fraudulently joined because a substantial portion of the alleged facts lacked a good faith basis. *See Goebel v. State Farm Fire & Cas. Co.,* No. CIV-22-0882-HE, 2023 WL 11883977 (W.D. Okla. Aug. 7, 2023); *Marino v. State Farm Fire & Cas. Co.,* No. CIV-22-0885-HE, 2023 WL 11915691 (W.D. Okla. Aug. 7, 2023); *Baltasar v. State Farm Fire & Cas. Co.,* No. CIV-22-0928-HE, 2023 WL 11883978, at *1 (W.D. Okla. Aug. 8, 2023).

While this Court has previously noted its discomfort with the nearly identical allegations levied against insurance agency defendants in these cases, *see Christy v. State Farm Fire & Cas. Co.,* No. CIV-22-924-R, 2023 WL 2933312, at *3 (W.D. Okla. Apr. 13, 2023), the Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover,

as Plaintiffs note, the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable. *See Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073-GKF-MTS, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023) (declining to find actual fraud "simply because the allegations here are similar to those made in other cases").

As additional evidence of fraud, State Farm contends that Plaintiffs have falsely alleged that agents are required to inspect roofs and that the record shows that Plaintiffs received a replacement cost policy that covered hail, just as requested. In support, State Farm relies on an affidavit from Benjie Weschler stating that State Farm did not require him to inspect the roof and no one at his agency told Plaintiffs they would inspect the roof. Certainly, the Court is not "compelled to believe whatever the plaintiff says in his complaint" when assessing whether there has been a fraudulent joinder, particularly in the face of specific allegations of fraud. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). But neither may the Court "pre-try, as a matter of course, doubtful issues of fact to determine removability." *Smoot*, 378 F.2d at 882. Plaintiffs have cited to at least some evidence suggesting that they have a good faith basis for their allegations. To be sure, State Farm's evidence and legal arguments cast doubt on the veracity of certain allegations. However, as Judge Wyrick recently explained in a similar case,

> [t]o cast doubt…is not to render a case fit for "summary determination" or to prove it "with complete certainty." In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiff. Here, open questions remain regarding the scope of Defendant [Weschler's] role in upkeep and renewal of the policy, whether Plaintiff requested or was promised more extensive coverage than she

8

> received, the precise duties that may be imposed on insurance agents under Oklahoma law, and more.

*Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-00883-PRW, 2023 WL 11915451, at *2 (W.D. Okla. Dec. 29, 2023). The Court concludes that State Farm has failed to sufficiently establish actual fraud in the pleading of jurisdictional facts.

The Court is also unpersuaded that jurisdictional discovery is warranted. State Farm's proposed discovery is not limited to resolving a discrete factual issue but also encompasses substantive, merits-based issues that go "beyond the Court's remit at this stage in the proceeding." *Champion v. State Farm Fire & Cas. Co.*, No. CIV-22-00922-PRW, 2023 WL 11944492, at *3 (W.D. Okla. Dec. 29, 2023).

Accordingly, Plaintiffs' Motion to Remand [Doc. No. 7] is GRANTED and this action is REMANDED to the District Court of Oklahoma County. State Farm's Motion for Jurisdictional Discovery [Doc. No. 9] is DENIED and State Farm's Motion to Strike [Doc. No. 11] is DENIED.

IT IS SO ORDERED this 30th day of January 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE